NATIONAL HOUSE AND FARMS ASSOCIATION, INC., PROSECUTOR, v. BOARD OF ADJUSTMENT OF THE BOROUGH OF OAKLAND, RESPONDENT.

Submitted May 4, 1948—Decided September 2, 1948.

Before Justices DONGES, COLIE and EASTWOOD.

For the prosecutor, *Atwood C. Wolf* (*George J. Baumann*, of counsel).

For the respondent, *Weber & Muth* (*James M. Muth*, of counsel).

The opinion of the court was delivered by

EASTWOOD, J. This is a zoning case. *Certiorari* has been allowed to review the determination of the respondent Board of Adjustment of the Borough of Oakland denying prosecutor's application for a variance from the controlling provisions of a zoning ordinance of the borough adopted on January 13th, 1931.

Prosecutor, in 1937, acquired a large tract of land consisting of approximately 700 acres of farms and open fields situate in the respondent borough. There existed two fresh water lakes on the property, one of them being known as Crystal Lake which is involved in the present controversy. Prosecutor is engaged in building developments of a residential nature, and following its acquisition of the tract in question, proceeded to lay out the tract in building lots for use as a private, restricted summer colony. A bathing beach was developed adjacent to Crystal Lake for the exclusive use of the property owners, the outside public being completely barred, and its use limited to property owners, their families and guests. The beach was fenced off and a police officer stationed at the entrance gate to prevent admission thereto by unauthorized persons. Title to the beach which is known as Lot 27 in Block 2407 is retained by prosecutor. A beach pavilion containing toilets and shower baths was constructed on a portion of the beach for the use of the bathers. This building is of modest size, measuring 20 x 20 feet. Additionally, prosecutor invested a substantial amount of money in developing the tract, having built several miles of streets

and roads, as well as sewage and water facilities. Our review of the testimony clearly shows that the development, known as Ramapo Mountain Lakes, is a self-contained community and that neither the residents of the Borough of Oakland nor the general public frequent the area or use its facilities to any appreciable extent.

In November of 1947 prosecutor made application for a building permit for the alteration and enlargement of the beach pavilion, and accompanied it with the proposed plans of alteration. The application was rejected on November 24th, 1947, by the borough building inspector on the grounds that the proposed alteration and enlargement of the beach pavilion was in violation of the borough zoning ordinance No. 88. Thereafter, prosecutor applied to the respondent Board of Adjustment for a variance from the zoning ordinance, complaining that the requested building permit should have been issued, alleging that the sole purpose of the alterations was to provide suitable space for lockers, dressing rooms, storage of equipment and supplies, a sun deck and the serving of refreshments such as milk, soda, ice cream, &c., to the property owners of Ramapo Mountain Lakes while frequenting the beach. A public hearing was held on December 1st, 1947, at which time numerous property owners appeared and expressed their views as to the necessity and desirability of the proposed construction. Suffice it to say, public sentiment was overwhelmingly in favor of the proposition. At the conclusion of the hearing the Board of Adjustment reserved its decision and, after a consideration of the facts and circumstances, adopted a resolution on December 8th, 1947, denying prosecutor's application on the grounds that the "granting of such variance would depreciate the value of properties generally; that some of the property owners in the development in question who appeared were opposed to such variance and others were in favor of same; that the variance sought would be contrary to the public interest of the Borough of Oakland; that a literal enforcement of the provisions of the ordinance would not result in unnecessary hardship; and that the granting of such variance would be inconsistent with the spirit of the zoning ordinance, * * *."

Our review of the matter leads us to the conclusion that the variance should have been granted by the Board of Adjustment and that its refusal is unreasonable and capricious. A reading of the borough zoning ordinance reveals that the area subject to its provisions is described as a "Primary Residence District," but at the same time permits buildings and premises to be used for such commercial purposes as gardening, nurseries, green houses, telephone central offices, customary home occupations, and home trade purposes such as carpentry, cabinet making and repair shops, providing the same employ not more than two men in addition to the resident owner. Also permitted are temporary or portable farmers' sale stands for products grown on the premises. When it is considered that prosecutor's application for a building permit was prompted by a legitimate demand by the property owners of Ramapo Mountain Lakes for adequate bathing and recreational facilities, of which the serving of refreshments, harmless in nature, is incidental; and when it is further considered that the proposed facilities are strictly limited to such property owners, their families and guests; it is not conceivable to us in what manner and by what means a strict and literal enforcement of the borough zoning ordinance would in any way depreciate property values or have any substantial relation to the public health, safety, morals, comfort, convenience, or the general good and welfare of the community as provided in *R. S.* 40:55–32. This being so, our inquiry is whether the restraint thus put upon property passes the bounds of reason and assumes the character of a merely arbitrary fiat as condemned in *Brandon* v. *Montclair*, 124 *N. J. L.* 135; 11 *Atl. Rep.* (2d) 304; *affirmed*, 125 *N. J. L.* 367; 15 *Atl. Rep.* (2d) 598; *Gabrielson* v. *Glen Ridge*, 13 *N. J. Mis. R.* 142; *Nusser* v. *Board of Adjustment of Newark*, 134 *N. J. L.* 174; 46 *Atl. Rep.* (2d) 657; *United Advertising Corp.* v. *Board of Adjustment of Maplewood Township*, 136 *N. J. L.* 336; 56 *Atl. Rep.* (2d) 406. It is not argued by the respondent that the enlarging of the beach pavilion, which is at least a mile or more away from the Borough of Oakland proper, would adversely affect the residents of the borough living outside of the Ramapo Mountain

Lakes development. By the same token it could not be argued that the proposed enlargement would depreciate property values in the borough proper. Any argument along that line would be clearly untenable. As we view it, a reasonable use of Crystal Lake and its beach by the restricted category of users of such facilities, clearly envisages a beach pavilion sufficiently large to accommodate the bathers for the purposes of dressing and undressing, taking showers, checking their wearing apparel, resting and taking sun treatments on a sun deck, and purchasing milk, soda, ice cream, sandwiches and other normal and harmless refreshments for their own and their children's consumption. Such are the normal and recognized uses of private bathing beaches. As stated, there is nothing in the record which might reasonably be said to work any injury, inconvenience or annoyance to the community or the adjacent public, nor is there any reasonable proof offered which might be said to show a depreciation of property values arising from such uses.

We have considered all of the other arguments advanced by the respondent in support of its contentions and find them to be without merit.

The action of the Board of Adjustment of the Borough of Oakland in denying prosecutor's application for a building permit to alter and enlarge its beach pavilion is set aside, without costs.

Mr. Justice Colie dissents.